486 P.2d 220

Milton C. OVERPECK, Jr., Appellant,

v.

PIONEER TRANSPORTATION CO., Inc., Appellee.

No. 2 CA–CIV 954.

Court of Appeals of Arizona, Division 2.

June 28, 1971.

Rehearing Denied Aug. 9, 1971.

Review Denied Oct. 13, 1971.

Jo Ann Diamos and Clay G. Diamos, Tucson, for appellant.

Evans, Kitchel & Jenckes, by Earl H. Carroll, Phoenix, for appellee.

HOWARD, Judge.

This is an appeal by plaintiff-appellant from an adverse ruling in the Superior

Court of Pima County, Honorable Norman S. Fenton presiding.

The facts are as follows: In September, 1959, appellee's (hereinafter referred to as Pioneer) predecessors in interest (Premeau and Howell) obtained a common motor carrier certificate from the Arizona Corporation Commission. This certificate authorized bus operations over and through public highways—U.S. 80–89, State 77, U.S. 60–70, State 177 between Tucson and other points in central Arizona. One of the routes approved was between Tucson and San Manuel, Arizona.

In October, 1960, Ernest C. Bustamante obtained a certificate authorizing the transportation of employees to the Red Hill Mine, San Manuel, such operation to be a "closed-door" run between Tucson and San Manuel.

In December, 1969, the Commission considered an application to transfer the Bustamante certificate to appellant (hereinafter referred to as Overpeck).

In early 1970, Pioneer expanded its run to San Manuel to include going to the Red Hill Mine which was approximately seven miles distant from the town itself.

Overpeck filed for a temporary restraining order against Pioneer. This was denied. After the hearing on a permanent injunction, the court decided Pioneer was operating within the certificate issued to it and denied the relief sought.

It is from this judgment that Overpeck appeals.

It is the rule in Arizona that on appeal, the judgment of the superior court is presumed correct if there is reasonable evidence to sustain it. Tucson Warehouse and Transfer Co. v. Arizona Corporation Commission, 2 Ariz.App. 565, 410 P.2d 683 (1966).

In this case, the evidence presented was that Pioneer had a prior certificate to go to San Manuel, Arizona. Overpeck had a later certificate to transport miners to San Manuel and to the Red Hill Mine.

General Order MV–12 of the Arizona Corporation Commission provides in part:

\* \* \* \* \* \*

"SCHEDULED CARRIERS: Will be allowed upon filing and approval of tariffs, to give pickup and delivery service within the incorporated limits of the cities or towns specified as fixed termini in their certificates, and in addition thereto, *any area lying outside of said incorporated limits, but within a five mile radius of their terminal.* If a fixed terminal is in an unincorporated area, the carrier *can provide pickup and delivery service within a five mile radius of its* terminal.

SCHEDULED CARRIERS: *Will be permitted to serve an area lying within five miles on either side of its regular route* over which they haul, with the exception of Household furniture originating on such scheduled carrier's route, which may be hauled to any point in the state." (Emphasis added).

The evidence presented was that the Red Hill Mine was within approximately one-half mile of one of Pioneer's prescribed routes and the plant site was adjacent to the town of San Manuel itself.

■ Overpeck states that Arizona is committed to the doctrine of "regulated monopoly" of common carriers rather than the doctrine of "restricted competition." This is a true statement of the law. Tucson Rapid Transit Co. v. Old Pueblo Transit Co., 79 Ariz. 327, 289 P.2d 406 (1955). Overpeck complains that under this doctrine of "regulated monopoly", there can be no duplication of service or granting of competing certificates to common carriers.

■ Competing certificates have been noted by the Arizona courts. Tucson Warehouse and Transfer Co. v. Arizona Corporation Commission, supra; Tucson Rapid Transit Co. v. Old Pueblo Transit Co., supra. The law is not that competing certificates may not issue or exist but rather that the Corporation Commission may issue competing certificates if they find

the existing services inadequate. Tucson Rapid Transit Co. v. Old Pueblo Transit Co., supra.

■ In the case *sub judice*, Pioneer had a certificate to go to San Manuel as well as other Arizona towns. A subsequent certificate was issued to Overpeck to provide a "closed-door" run to San Manuel and the Red Hill Mine. Pioneer was, according to Order MV–12, able to provide the service now complained of.

We feel, as did the trial court, that both certificates were valid and that Pioneer was providing services which were within its certificate.

Judgment affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.